IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-00524-PAB-*KLM*

DONTE FAINE,
Individually and on behalf of all others
similarly situated,

   Plaintiff,

v.

UNIVERSAL LOGISTICS OF VIRGINIA, LLC,
d/b/a "Estes Express Lines,"
a Virginia limited liability company,

   Defendants.

---

## *PRELIMINARY* SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date of conference: June 17, 2021 at 9:30 a.m.

Counsel for Plaintiffs:

   David H. Miller
   THE SAWAYA & MILLER LAW FIRM
   1600 Ogden Street
   Denver, Colorado 80218
   Telephone: 303-551-7667
   Fax: 720-235-4380
   E-mail: dhmiller@sawayalaw.com

Counsel for Defendants:

   James T. Spolyar

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone: 317-637-1777
Fax: 317-687-2414
E-mail: jspolyar@scopelitis.com

## 2. STATEMENT OF JURISDICTION

Plaintiffs filed this individual and putative class action in the Adams County State District Court on January 14, 2021, alleging state law wage and hour law and retaliation claims that Defendant[1] operated its trucking business within Adams County, Colorado (Doc. #1-1 at p. 2, ¶ 2); and that the Plaintiff is an Adams County citizen and resident who was previously employed by Defendant (*id.* at p. 2, ¶ 6). On February 22, 2021, Defendant filed its Notice of Removal in the United States District Court for the District of Colorado. Doc. #1 at p. 3, ¶ 3, alleging original diversity jurisdiction under 28 U.S.C. § 1332, and alleging that "the parties are citizens of different states, and Universal is not a citizen of the State of Colorado, where this action was brought." On March 26, 2021, the Court issued *sua sponte* its Show Cause Order requiring Defendant to show cause by April 5, 2021, why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction for the reasons set out in that Order. Doc. 15 at p.5. Defendant filed its Response to Order to Show Cause and, by Minute Order of April 15, 2021, Doc. 17, the Court discharged the Order to Show Cause.

---

[1] Defendant has averred that Defendant's actual name under which it does business is "Estes Dedicated." Doc. #1 at n.1. Based on Defendant's representation Plaintiff does not object to an amendment of the caption to identify Defendant as Universal Logistics of Virginia, LLC, d/b/a "Estes Dedicated." SO ORDERED.[2] Parties shall use new caption.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   **Plaintiff's claims:**

1.   Donte Faine, on behalf of himself and a class of similarly-situated employees (collectively, "Plaintiffs") alleges that Defendant violated the Colorado Wage and Hour law, and specifically 7 C.C.R. 1103-1 (2020), and the Colorado Overtime and Minimum Pay Standards ("COMPS") Order (2020) which exempts from overtime drivers who cross state lines in the course of his or her work. The Plaintiff, and those similarly situated to him are those who have the job title of "Driver, Class A Flatbed Home Delivery-L2L" who did not cross state lines in the course of their work and therefore were not exempt from overtime, but did not receive overtime pay from the Defendant. Plaintiff also sets forth an individual and putative class action claim because the Defendant had a uniform policy and practice of not allowing paid 10 minute rest breaks for every 4 hours or major fraction thereof and for not allowing the Plaintiff and the putative class to take an uninterrupted duty-free 30 minute meal break when their work shirt exceeded 5 hours. Finally, Plaintiff individually claims that his rights under Colorado Public Health Whistleblower Emergency Law ("PHEW") (C.R.S. § 8-14.4-101 et seq. and C.R. S. § 8-4-120 were violated as described in the Amended Complaint, Doc. 23 and attachments 1-4, when the he was wrongfully terminated in retaliation for having complained to his Operations Manager that Defendant had failed to train its workers about its "threshold policy" related to COVID-19, SARS, which policy limited the ways in which putative class members should have contact when entering upon customer property.

3

2. Plaintiffs' overtime and break claims are brought as a putative class action under Rule 23, C.R.C.P.

**b. Defendants' defenses:**

Defendant denies any unlawful conduct. Plaintiff's compensation was calculated on a daily rate plus a commission based on the number of goods Plaintiff delivered each day. Plaintiff was not paid on an hourly rate as alleged in the Complaint. *See* ECF No. 1-1, Attachment 1. Plaintiff's allegation that he was paid $33.50 per hour is incorrect. $33.50 was the pay rate used to determine Plaintiff's paid time off rate of pay. In addition, Plaintiff's overtime and rest break claims are preempted by federal law, including 49 U.S.C. § 14501 and 49 C.F.R. Part 395. Defendant denies that its actions violated the PHEW and asserts it did not retaliate against Plaintiff.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Donte Faine ("Faine") was employed as Defendant's employee in Colorado from February to October 2020 in Colorado to conduct deliveries of retail goods.

2. Defendant operates its trucking business in the state of Colorado within Adams County and in other Colorado counties.

3. Defendant is an "employer" within the meaning of the "Fair Labor Standards Act of 1938", 29 U.S.C. § 203(d) and C.R.S. 8-4-101(6).

4. ~~Plaintiff was classified as an hourly employee.~~

5. Defendant employed Faine as a "Driver, Class A Flatbed Home Delivery-L2L."

4

6.	During his period of employment Faine suffered a work-related injury and was on sick leave for approximately 5 weeks.

7.	Defendant utilizes an app called "Mobile Link" to track deliveries made for its customers.

8.	Faine was employed by Defendant for approximately 38.5 weeks and on leave for approximately 5 weeks because of an injury.

9.	Faine has filed a PHEW complaint, has received a right to sue letter. The parties stipulated that an amended complaint may be filed and, on June 2, 2021, Plaintiff filed a First Amended Individual and Class Action Complaint setting forth Plaintiff's alleged retaliation claim under PHEW.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**

A plaintiff who prevails on his/her overtime claims under Colorado wage and hour law as demanded in his complaint where the back wages demanded are not paid within 14 days of the date of the service of the complaint is entitled not only to back wages of $27,737.50 (Doc.# 1 at p. 6, ¶ 24), but also for $3,366.75 for unpaid rest breaks (50 (Doc.# 1 at p. 6, ¶ 29) along with statutory penalties under C.R.S. 8-4-109(3), and attorney's fees and costs.

**Defendant:**

Defendant does not contend that it is entitled to damages in this case.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.	**Date of Rule 26(f) meeting:** March 30, 2021. The parties met telephonically.

b.  **Names of each participant and party he/she represented:** Plaintiffs were represented by David H. Miller. Defendants were represented by Sterling LeBoeuf and Jim Spolyar.

c.  **Statement as to when Rule 26(a)(1) disclosures will be made:** Each party has served his/its initial disclosures.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):** N/A.

e.  **Statement concerning any agreements to conduct informal discovery:** There is no agreement to conduct informal discovery.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:** The parties agree to mark all documents produced in discovery with Bates numbering. The parties also agree to the use of a unified exhibit numbering system.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:** The parties anticipate that certain records maintained by Defendants such as pay records and electronic communications are maintained and may be produced in electronic form. All electronically stored information will be produced in .pdf format, with such documents, to the extent possible, being searchable. *Parties shall adhere to Sedona Principles re electronic discovery disputes. See www.sedonaconference.org.*

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:** To date, the parties have engaged in telephone

discussions regarding the potential of an informal settlement or resolution. The parties are not able to resolve the case at this time. *Parties shall file a joint settlement status report on or before 14 days after close of discovery.*

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.  **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:** None. *10 depos per side; 25 rogs per side*

b.  **Limitations which any party proposes on the length of depositions:** Each deposition shall be limited to one day of 7 hours.

c.  **Limitations which any party proposes on the number of requests for production and/or requests for admission:** The parties propose that requests for production and requests for admission be limited to 25 per side. ~~Defendant wishes to be able to propound discovery to putative class members and Plaintiff does not believe such discovery would be permissible at this stage in the proceedings.~~ *Discovery shall proceed as to class certification issues + TI's PHEW claim. Parties will follow up regarding the need for any further scheduling order.*

d.  **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** The parties will serve interrogatories, requests for production and requests for admission on opposing counsel on or before ~~October 20, 2021~~. *45 days before cut-off for discovery.*

e.  **Other Planning or Discovery Orders:** No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with

Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court. *Parties shall file a proposed order under FRE 502(d) on or before July 1, 2021.*

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** July 30, 2021.

b. **Discovery Cut-off:** ~~January 3, 2022~~ *March 10, 2022. This is also the deadline to make discovery motions.*

c. **Dispositive Motion Deadline ~~and Motion to Decertify, if any~~:** ~~February 2, 2022.~~ *Jan. 10, 2022 deadline to file Motion to Certify Class*

d. **Expert Witness Disclosure:**

1. The parties shall identify anticipated fields of expert testimony, if any: Plaintiffs foresee the possible need for an expert on intrastate trucking and damages

2. Limitations which the parties propose on the use or number of expert witnesses: Two per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~December 20,~~ *November 1,* 2021.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~January 20,~~ *December 1,* 2022.

e. **Identification of Persons to Be Deposed:**

1. Plaintiff:

i. Defendant's employees Barbara Mullen, Paul DeBrock, and managers and policy makers of Colorado employee practices relating the claims made here, as well as named Defendant's employees identified through discovery, and through representatives designated to provide testimony under Fed. R. Civ. P. 30(b)(6). Plaintiffs anticipates 7 hours for each deposition.

8

ii. Individuals who were involved in creating and implementing the policies and practices at issue in this case, and witnesses with knowledge of such policies and practices, and the harm created thereby. Plaintiff is not currently in possession of the identities of such individuals, but will seek this information in discovery.

2. Defendant:

i. Named Plaintiff.

ii. All added plaintiffs.

iii. Four or five putative class members.

iv. Defendant anticipates seven hours for each deposition.

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: *As needed.*

b. A final pretrial conference will be held in this case on *a date to be determined in the future* at o'clock ____ m.

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: N/A.

b. Anticipated length of trial and whether trial is to the court or jury: Plaintiff anticipates that a trial of this matter will last 3-5 days. Defendant anticipates that, if a class is certified, the trial will last 7-10 days.

9

c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __17th__ day of __June__, 2021.

BY THE COURT:

                                                                                                                   _____
United States Magistrate Judge

APPROVED:

*David H. Miller*
David H. Miller, Esq.
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303-839-1650
E-mail: DHMiller@sawayalaw.com

Counsel for Donte Faine, individually and on behalf of all others similarly situated

*/s/ James T. Spolyar*

James T. Spolyar
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone: 317-637-1777
Fax: 317-687-2414
E-mail: jspolyar@scopelitis.com

4835-5888-5099, v. 5